**Darrel ISAAC, Petitioner–Appellant,**

v.

**William BROWN, Superintendent of Eastern Correctional Facility, Respondent–Appellee.**

**No. 05–4406–pr.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Norman L. Reimer, (Susan J. Walsh, on the brief), Gould Reimer Walsh Goffin Cohn, LLP, New York, NY, for Appellant.

Chelsea Chaffee, Assistant Attorney General (Eliot Spitzer, Attorney General, Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), Attorney General's Office of the State of New York, New York, NY, for Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Darrel Isaac appeals from a judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Isaac contends that the Appellate Division of the New York Supreme Court unreasonably applied clearly established Supreme Court law under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in affirming his criminal conviction for two counts of robbery in the first degree, two counts of robbery in the second degree, and one count of resisting arrest, *see People v. Issac*, 265 A.D.2d 190, 696 N.Y.S.2d 142 (1999).[1] Isaac argues in the alternative that the Appellate Division's affirmance was an unreasonable determination of the facts in light of the evidence presented. For substantially the reasons stated by the District Court, we affirm.

We assume the parties' familiarity with the factual background and procedural history of this case, described in full in the District Court opinion, *see Isaac v. Greiner*, No. 01 Civ. 2178(PKC), 2005 WL 1713036, at *1–3 (S.D.N.Y. July 19, 2005).

We review *de novo* the District Court's denial of Isaac's petition for a writ of habeas corpus. *See, e.g., Messiah v. Duncan*, 435 F.3d 186, 196 (2d Cir.2006). "[W]ith respect to any claim that was adjudicated on the merits in State court proceedings," a writ of habeas corpus shall not be granted unless the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). An "unreasonable application" of Supreme Court precedent occurs when the State court's decision is not just "incorrect or erroneous" but "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (internal quotation marks omitted). "A determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

*Batson* established a three-step "framework for the evidentiary inquiry into whether a peremptory challenge [to a prospective juror] is race-based" and there-

---

1. The Appellate Division held, in pertinent part:

   The court properly denied the defendant's *Batson* challenge. The record clearly reveals that the prosecutor had a race-neutral, nonpretextual reason for challenging a prospective juror who believed that his brother had been wrongly convicted of a crime. Since the record is sufficient to establish that defendant's *Batson* claim was patently lacking in substance, we find that defendant was not prejudiced by the abbreviated manner in which the court conducted the *Batson* proceeding. *People v. Issac*, 265 A.D.2d 190, 190–91, 696 N.Y.S.2d 142 (1999).

fore an equal protection violation. *McKinney v. Artuz,* 326 F.3d 87, 97 (2d Cir.2003); *see Batson,* 476 U.S. at 96–98, 106 S.Ct. 1712. The first step of the *Batson* inquiry requires the objecting party to "make a *prima facie* showing of circumstances that generate an inference that the relevant panelist was stricken on improper grounds." *Messiah,* 435 F.3d at 194; *see Batson,* 476 U.S. at 96–97, 106 S.Ct. 1712. If the trial court determines that a prima facie showing has been made, the party who offered the challenge must provide "a race-neutral explanation for striking the panelist." *Messiah,* 435 F.3d at 195; *see Batson,* 476 U.S. at 97, 106 S.Ct. 1712. Finally, the trial court must make an "ultimate determination of the issue of discriminatory intent based on all the facts and circumstances." *United States v. Alvarado,* 923 F.2d 253, 256 (2d Cir.1991). Isaac, who is black, claims that the Appellate Division's affirmance was in error because the trial court skipped all three steps with respect to defense counsel's objection to the prosecutor's peremptory challenge of a black alternate juror. We disagree.

■ Although it is true that the trial court interrupted Isaac's counsel and did not permit her to articulate a *prima facie* showing of discrimination upon the prosecutor's peremptory challenge, the District Court correctly concluded, *Isaac v. Greiner,* No. 01 Civ. 2178(PKC), 2005 WL 1713036, at *6 (S.D.N.Y. July 19, 2005), that a trial court may move directly to "step three" when a race-neutral reason for the challenge is offered. *See Hernandez v. New York,* 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion). Isaac's contention that the trial court relied upon its own race-neutral rationale for the challenge without the benefit of comment by the prosecutor does

not withstand scrutiny. The prosecutor provided the race-neutral reason even before Isaac's counsel objected. The prosecutor had challenged the same juror for cause after learning that the juror's brother had been arrested and that the juror believed his brother had been falsely accused. The court reserved judgment on the challenge for cause but later denied it, asking the prosecutor "[a]re you exercising a peremptory on [the juror]?" The prosecutor answered "yes." The court then reminded the prosecutor that the juror had not said that his brother's treatment would make him an unfair juror, to which the prosecutor responded "[b]ut he alleges his brother was falsely accused of a crime." We cannot say that regarding this statement as satisfying *Batson's* "step two" is objectively unreasonable. *See Purkett v. Elem,* 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (a race-neutral reason need not be "persuasive, or even plausible" to satisfy "step two").

■ Nor can we say that the way in which the trial court phrased its rejection of defense counsel's *Batson* claim is an objectively unreasonable application of *Batson's* "step three." Although the trial court did not allow defense counsel to elaborate on why she believed the prosecutor had "a racial basis" for the challenge, the trial court nevertheless stated: "As far as I am concerned there is no basis for that. There are black jurors on the jury, and I think there is adequate cause for the People to raise the challenge." We do not require "a talismanic recitation of specific words" in order to satisfy *Batson's* requirement that the trial court must rule on the credibility of the race-neutral reason for the peremptory challenge. *Galarza v. Keane,* 252 F.3d 630, 640 n. 10 (2d Cir. 2001) (stating that "step three" might have

been satisfied if the "trial court had merely stated that it rejected each of" the *Batson* claims). It is not objectively unreasonable to interpret the trial court's words as crediting the race-neutrality of the prosecutor's reason for the challenge.

■ Isaac argues also that the trial court's refusal to allow defense counsel to make any argument in support of her *Batson* objection renders the Appellate Division's affirmance of the trial court's credibility determination an unreasonable application of *Batson's* "step three," as well as an unreasonable determination of the facts in light of the evidence presented, which is not entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). Isaac relies in part on our holding in *Jordan v. Lefevre*, 206 F.3d 196 (2d Cir.2000), where we stated that the "trial judge could not properly decide the third *Batson* step because he granted counsel no time to identify the relevant facts and assess the circumstances necessary to decide whether the race neutral reasons given were credible and nonpretextual," *id.* at 201.

However, Isaac has pointed to no Supreme Court precedent stating that a trial judge must allow a petitioner to make a full record regarding a *Batson* claim. This Court addressed a similar situation in *McKinney v. Artuz*, 326 F.3d 87 (2d Cir. 2003), where we noted that the District Court had "cite[d] only Second Circuit precedent for the idea that rushing the *Batson* inquiry may be impermissible under the *Batson* line of cases," *id.* at 103. We concluded that "[b]ecause no Supreme Court decision at the time of [the petitioner's] conviction held that rushing the inquiry was a violation of *Batson*, haste would be an insufficient basis for granting habeas relief in this case." *Id.*; *see also id.* at 103

n. 18 (factually distinguishing *Jordan* from *McKinney* ). The absence of Supreme Court precedent in support of this aspect of Isaac's case similarly defeats this part of his claim.

■ Isaac has pointed to no *prima facie* showing of discrimination at any stage on appeal or on collateral review. His argument that a comparison between the black juror who was struck and a white juror who was seated "reveals the pretextual nature of the challenge" is without merit. It is clear from the record in the instant case that race was not the primary difference between the jurors. The white juror, who had been arrested and convicted of crime in the past, answered "yes" when asked if he had been "treated fair or as best you could be by the police." The black juror, whose brother had been arrested and convicted in the past, stated that his brother had been treated unfairly. This difference defeats Isaac's attempt to make a *prima facie* showing of discrimination with respect to those two jurors on the basis of a showing that they were similarly situated.

■ The "ultimate burden of persuasion" remains with the "party alleging that he has been the victim of intentional discrimination." *Batson*, 476 U.S. at 94 n. 18, 106 S.Ct. 1712. Because Isaac never made a *prima facie* showing of discrimination when given the opportunity to do so on direct appeal, or at any other time, we cannot conclude that the Appellate Division's affirmance was objectively unreasonable either as a matter of law under *Batson* or as a matter of fact based on the evidence of record.

We have considered all of Isaac's arguments and find them to be without merit. Accordingly, for substantially the reasons

stated by the District Court, the order is **AFFIRMED.**